**YU YING ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–71482.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007.*

Filed Aug. 23, 2007.

Liu Yu, Law Office of Liu Yu, New York, NY, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Sarah L. Weyler, Esq., Hans B. Miller, Esq., U.S. Department of Justice, Narcotic and Dangerous Drug Section, Washington, DC, for Respondent.

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Yu Ying Zheng, a native and citizen of China, petitions for review of the Board of

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Immigration Appeals' ("BIA") decision dismissing her appeal from the Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252 despite Zheng's failure to file a brief to the BIA because she has sufficiently raised the issue of adverse credibility in her notice of appeal to the BIA. *See Ladha v. INS*, 215 F.3d 889, 903 (9th Cir.2000).

Where the BIA's analysis of the issues is conclusory, we look "to the IJ's oral decision as a guide to what lay behind the BIA's conclusion." *Avetova–Elisseva v. INS*, 213 F.3d 1192, 1197 (9th Cir.2000). We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition.

The BIA agreed with the IJ's finding that Zheng was not credible on the basis of her demeanor—the IJ found that Zheng was selective and evasive in answering questions. Substantial evidence supports this finding because the IJ identified specific examples in the record where Zheng was selective and evasive in answering questions. *See Singh v. Ashcroft*, 301 F.3d 1109, 1113–14 (9th Cir.2002) (explaining that the agency "must identify particular instances in the record where petitioner refused to answer questions asked of [her]") (citation omitted). Accordingly, Zheng's asylum claim fails. *See Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

Because Zheng failed to satisfy the lower standard of proof for asylum, it necessarily follows that she failed to satisfy the more stringent standard for withholding of

ed by 9th Cir. R. 36–3.

removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Zheng's CAT claim is based on the same evidence that the IJ and BIA found was not credible, we therefore deny the petition on that ground as well. *See id.* at 1157.

Zheng's motion for a stay of removal is denied.

**PETITION FOR REVIEW DENIED.**